UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAXIMILIANO BONILLA OROZCO,

                Petitioner,                      **MEMORANDUM & ORDER**
                                                                               24-CV-8018 (WFK)

      -v-

UNITED STATES,

                Respondent.
-----------------------------------------------------------x
**WILLIAM F. KUNTZ, II, United States District Judge:**

      On November 6, 2024, petitioner, proceeding *pro se*, filed what he labels a "petition for a writ of habeas corpus pursuant to Article I, Section 9 of the Constitution of the United States"[1] challenging the constitutionality of his conviction and sentence entered in *United States v. Orozco*, 18-CR-140 (WFK). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 1631.

      Petitioner previously challenged this conviction and sentence by filing a petition pursuant to 28 U.S.C. § 2255 with this Court on November 5, 2019. *United States v. Orozco*, 08-CR-140 (WFK), Dkt. No. 59. That petition was denied by Order dated May 5, 2023. *United States v. Orozco*, 08-CR-140 (WFK), Dkt No. 104.

      The proper jurisdictional basis for the relief petitioner seeks is 28 U.S.C. § 2255. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). A court may recharacterize an application as a second or successive § 2255 motion without providing the movant an

---

[1] Section 9(2) of Article I of the United States Constitution to which petitioner presumable refers states: "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it."

1

opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. An application is second or successive when a prior motion was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). Because petitioner has already filed a § 2255 motion that was decided on the merits, this application is recharacterized as a second or successive § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003). Before a movant may file a second or successive § 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Petitioner has not indicated that he received authorization from a court of appeals to file this motion. Therefore, Petitioner must request permission to pursue this motion from the United States Court of Appeals for the Second Circuit.

## CONCLUSION

Therefore, in the interest of justice, the instant petition is hereby transferred to the United States Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 122-123 (2d Cir. 1996) (*per curiam*) ( "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit], the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice. . . ."). This Order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen this case under this docket number.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
March 4, 2025